MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David J. Benak, et al., | No.  CV 13-8004-PCT-DGC (SPL) |
| Plaintiffs, | |
| vs. | **ORDER** |
| Board of Yavapai County Supervisors, et al., | |
| Defendants. | |

On January 8, 2013, Plaintiffs David J. Benak, Jose L. Islas, Jerry Shelton, Jr., James W. Pletcher, Jeffrey Jensen, and Troy Sims, who are confined in the Yavapai County Detention Facility, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).   That same day, Nora Jenkins paid the filing fee for the benefit of Plaintiff Sims.

On February 8, 2013, Plaintiff Benak filed a Motion for Status (Doc. 3) and a Motion to Expedite (Doc. 4) and Plaintiff Sims filed a "Motion for 'Official pro per Status' Ordering Defendants to Grant Law Library Access" (Doc. 5).  On February 22, 2013, an individual named Erminio Serna filed a Document (Doc. 6) entitled "Injunction Relief."   On April 29, 2013, Plaintiff Benak filed a Document (Doc. 7) requesting information regarding the status of the case.

## I.    Severance of Action in Separate Cases

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Several of the claims in the Complaint are personal to a particular Plaintiff and, therefore, do not arise out of the same occurrence and do not contain common facts. But even if Plaintiffs in this action are properly joined, the Court has found that management of *pro se* multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are inmates proceeding *pro se*, and although each Plaintiff may appear on his own behalf, none may appear as an attorney for the others. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs. However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Thus, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence. Moreover, inmates are subject to transfer at any time to a facility other than the one they are incarcerated in at the time of the lawsuit.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's

JDDL

- 2 -

goals of achieving judicial economy and maintaining efficient control of the Court's docket.   Allowing each Plaintiff to proceed separately, however, will overcome the unfairness created by these circumstances.   Therefore, the Court will sever this action into individual cases and a new case number will be assigned to each individual Plaintiff.

A copy of the Complaint and other documents in this case and this Order will be placed in each new case. **The rulings in this Order shall apply in each new case.** The individual Plaintiffs must proceed independently from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff or they will be stricken.

**II.    Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).   An inmate must submit statements from each institution where he was confined during the six-month period.   *Id.*   To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

Only Plaintiff Sims paid the filing fee.  Because Plaintiffs Benak, Islas, Shelton, Pletcher, and Jensen have not paid the $350.00 civil action filing fee or filed an

Application to Proceed *In Forma Pauperis*, each Plaintiff (other than Plaintiff Sims) will be permitted 30 days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis* in his individual case, using the form included with this Order, or pay the $350.00 filing fee.

**III.   Complaint**

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."

The Complaint is not in accordance with the instructions provided with the form. Section 12, Part C, of the instructions provides that "you must provide the information about each additional count on a separate page."  The Complaint contains twenty-seven Counts and, on multiple occasions, a single page contains between two and four counts. Moreover, some of the counts relate to all of the Plaintiffs and some relate to only a single Plaintiff.   In addition, Plaintiff Jensen failed to sign the Complaint, as required by the instructions, Federal Rule of Civil Procedure 11(a), and Local Rules of Civil Procedure 3.4 and 7.1(b)(1).[1]

The Complaint will therefore be dismissed without prejudice, with leave to amend, in order for each Plaintiff to file an amended complaint on a court-approved form that complies with the instructions provided with the form.

Within 30 days, each Plaintiff may submit a first amended complaint on a court-approved form in his individual case.  The Clerk of Court will mail Plaintiffs a court-approved form to use for filing a first amended complaint.  If a Plaintiff fails to use the

---

[1] In addition, Section 12, Part B, of the instructions requires a plaintiff to identify any other lawsuits the plaintiff has filed in either state or federal court while a prisoner. The Complaint only lists one lawsuit, filed by Plaintiff Benak, and it is unclear whether any of the other Plaintiffs previously filed a lawsuit in state or federal court or whether the Complaint only reflects Plaintiff Benak's prior filings.

1   court-approved form, the Court may strike that Plaintiff's amended complaint and

2   dismiss that Plaintiff's case without further notice to that Plaintiff.

3   **IV.     Leave to Amend**

4          Within 30 days, each Plaintiff may submit a first amended complaint on the court-

5   approved form in that Plaintiff's individual case.  The Clerk of Court will mail each

6   Plaintiff a court-approved form to use for filing a first amended complaint.  If a Plaintiff

7   fails to use the court-approved form, the Court may strike that Plaintiff's amended

8   complaint and dismiss his action without further notice to that Plaintiff.

9          In any amended complaint, a Plaintiff must write *short*, *plain statements* telling the

10  Court: (1) the constitutional right the Plaintiff believes was violated; (2) name of the

11  Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

12  (4) how the action or inaction of that Defendant is connected to the violation of that

13  Plaintiff's constitutional right; and (5) what specific injury that Plaintiff suffered because

14  of that Defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

15         A Plaintiff must repeat this process for each person he names as a Defendant.  If a

16  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

17  injury suffered by the Plaintiff, the allegation against that Defendant will be dismissed for

18  failure to state a claim.  Conclusory allegations that a Defendant or group of Defendants

19  have violated a constitutional right are not acceptable, and will be dismissed.

20         Each Plaintiff must clearly designate on the face of the amended complaint that it

21  is the "First Amended Complaint."   The first amended complaint must be retyped or

22  rewritten in its entirety on the court-approved form and may not incorporate any part of

23  the original Complaint by reference.  A Plaintiff may include only one claim per count.

24         A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

25  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

26  F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the Court will treat an original

27  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

28

1   in the original complaint is waived if it is not raised in a first amended complaint.  *King v.*

2   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3         All pleadings must be signed by the party if the party is not represented by an

4   attorney.  Fed. R. Civ. P. 11(a) and LRCiv 3.4 and 7.1(b)(1).

5   **V.      Pending Motions and Documents**

6         **A.      Motion for Status and Document Requesting Status**

7         Plaintiff Benak has filed a Motion for Status, seeking "the status of things in this

8   case," and Document inquiring "as to what is going on with this Civil Rights Complaint."

9   The Motion and Document are granted to the extent this Order provides Plaintiffs with

10  the status of this case.

11        **B.      Motion to Expedite and Motion for "Official Pro Per Status"**

12        In his Motion to Expedite, Plaintiff Benak requests that the Court expedite the

13  proceedings because "Defendants have been retaliating to an extreme degree and . . .

14  Plaintiff is scared and need[s] emergency injunctive relief."

15        In his Motion for Official Pro Per Status, Plaintiff Sims seeks an order granting

16  Plaintiff *pro se* or *pro per* status and compelling prison officials to grant Plaintiff access

17  to a paralegal or law library.  Plaintiff Sims asserts that Defendants claim that it is their

18  policy to require an order from the Court before granting such access.

19        An injunction or temporary restraining order is appropriate to grant intermediate

20  relief of the same character as which may be granted finally, and relief is not proper when

21  requested on matters lying wholly outside the issues in suit.  *See DeBeers Consol. Mines*

22  *v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43

23  (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997).  To obtain injunctive relief, the

24  party "must necessarily establish a relationship between the injury claimed in the party's

25  motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470,

26  471 (8th Cir. 1994).

27        Because the Court has dismissed the Complaint, the Court cannot determine at this

28  time whether the relief requested in the Motion to Expedite or Motion for Official Pro Per

Status relates to the conduct that will be asserted in the amended complaint.  Thus, the Court will deny without prejudice Plaintiff Benak's Motion to Expedite and Plaintiff Sims's Motion for Official Pro Per Status.

To the extent Plaintiffs Benak and Sims allege that detention officers believe they need a Court Order before they can provide Plaintiffs with copies of court rules, law and legal research, and indigent legal supplies, **detention officers should take note** that right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right also includes the ability to litigate claims "without *active interference* by prison officials."  *Silva v. DiVittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original).  **If Plaintiffs are complying with prison procedures when making their requests, there is simply no reason why detention officers should be denying Plaintiffs copies of court-approved forms or refusing to assist in the completion of applications to proceed** *in forma pauperis*.

### C.    Mr. Serna's Document

In his Document, Erminio Serna requests that the Court "supplement [him] to this above [e]ntitled case for" issues relating to retaliation, excessive force, and access to the courts.  Mr. Serna is not a party to this lawsuit and the Court will not add him as a plaintiff, especially in light of the fact that the Court is closing this case.  Mr. Serna can file his own lawsuit and raise his own claims, if he so chooses.  As a courtesy to Mr. Serna, the Court will direct the Clerk of Court to send him a copy of the court-approved forms for filing a civil rights action and for seeking to proceed *in forma pauperis*.

### VI.    Warnings

#### A.    Address Changes

A Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  A Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

JDDL

**B.**      **Copies**

A Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.**      **Possible Dismissal**

If a Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      This case is **severed** into individual actions, one for each Plaintiff.   The Clerk of Court **must assign** a new case number to each new individual action.

(2)      The Clerk of Court **must close** this case (13-CV-8004-PCT-DGC (SPL))) and **enter judgment** accordingly.

(3)      The Clerk of Court **must file** a copy of the present Complaint (Doc. 1) and this Order in each new case.  **The rulings in this Order shall apply in each new case.**

(4)      The individual Plaintiffs must proceed **independently** from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(5)      Within 30 days of the date this Order is filed, Plaintiffs Benak, Islas, Shelton, Pletcher, and Jensen must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(6)      If a Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to that Plaintiff.

(7)    The Complaint (Doc. 1) is **dismissed without prejudice** for failure to comply with Local Rule of Civil Procedure 3.4.  Each Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(8)    If a Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of that Plaintiff's case action without prejudice and without further notice to that Plaintiff.

(9)    Plaintiff Benak's Motion for Status (Doc. 3) is **granted** to the extent this Order provides the status of this case.

(10)    Plaintiff Benak's Motion to Expedite (Doc. 4) is **denied without prejudice**.

(11)    Plaintiff Sims's "Motion for 'Official pro per Status' Ordering Defendants to Grant Law Library Access" (Doc. 5) is **denied without prejudice**.

(12)    Erminio Serna's Document (Doc. 6) is **denied**.

(13)    Plaintiff Benak's Document (Doc. 7) is **granted** to the extent this Order provides the status of this case.

(14)    The Clerk of Court must mail Plaintiff Sims a court-approved form for filing a civil rights complaint by a prisoner.

(15)    The Clerk of Court must mail Plaintiffs Benak, Islas, Shelton, Pletcher, and Jensen a court-approved form for filing a civil rights complaint by a prisoner **and** a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

(16)    The Clerk of Court must mail Erminio Serna a court-approved form for filing a civil rights complaint by a prisoner **and** a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

Dated this 8th day of May, 2013.

_____
David G. Campbell
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from <u>each</u> institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 5/1/2013

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, ) | ) CASE NO. _____ | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | APPLICATION TO PROCEED | |
| ) | *IN FORMA PAUPERIS* | |
| _____, ) | BY A PRISONER | |
| Defendant(s). ) | CIVIL (NON-HABEAS) | |
| _____) | | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
   ☐Yes   ☐No   If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted? ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

4.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                            ☐Yes           ☐No
     If "Yes," state the sources and amounts of the income, savings, or assets. _____
     _____
     _____

     I declare under penalty of perjury that the above information is true and correct.

_____                        _____
        DATE                                            SIGNATURE OF APPLICANT

---

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

     I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
     My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
          (A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or
          (B)  the average monthly balance in my account for the six-month period preceding my filing of this action.
     My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                        _____
        DATE                                            SIGNATURE OF APPLICANT

---

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

     I, _____, certify that as of the date applicant signed this application:
              (Printed name of official)
The applicant's trust account balance at this institution is:                        $_____
The applicant's average monthly deposits during the prior six months is:             $_____
The applicant's average monthly balance during the prior six months is:              $_____
The attached certified account statement accurately reflects the status of the applicant's account.

---

DATE            AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                    1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| --- | --- | --- |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name: _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. You must exhaust any available administrative remedies before you file a civil rights complaint. <u>See</u> 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____,<br>(Full Name of Plaintiff)  Plaintiff,<br><br>vs.<br><br>(1) _____,<br>(Full Name of Defendant)<br>(2) _____,<br><br>(3) _____,<br><br>(4) _____,<br>Defendant(s).<br>☐ Check if there are additional Defendants and attach page 1-A listing them. | )<br>)<br>)<br>)<br>)  **CASE NO.** _____<br>)        (To be supplied by the Clerk)<br>)<br>)<br>)  **CIVIL RIGHTS COMPLAINT**<br>)         **BY A PRISONER**<br>)<br>)  ☐ Original Complaint<br>)  ☐ First Amended Complaint<br>)  ☐ Second Amended Complaint<br>) |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?                ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                              ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?            ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.